JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS EDWARD WALDEISEN, et al.<br><br>Plaintiff,<br><br>v.<br><br>BLC MIRAGE INN L.P., et al.<br><br>Defendant. | Case No. 5:24-cv-00107-SSS-SHKx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 15]** |

Before the Court is Plaintiff Lewis Edward Waldeisen's motion to remand (the "Motion") filed on February 1, 2024. [Dkt. 15]. This matter is fully briefed and ripe for review. [Dkt. 18; Dkt. 19]. Having reviewed the Parties' arguments, relevant legal authority, and the record in this case, the Motion is **GRANTED.** [Dkt. 15].

**I.     BACKGROUND**

This matter arises out of the death of Lewis Waldeisen (the "Decedent"). [Dkt. 14 at 2]. Plaintiff alleges Defendants BLC Mirage Inn LP ("BLC Mirage") and Brookdale Mirage Inn ("Brookdale") own and operate a Residential Care Facility for the elderly (the "RCFE") in Rancho Mirage, California. [Dkt. 1-1 at 6–7]. On June 2, 2022, Decedent was admitted to

Brookdale and BLC Mirage's RCFE. [Dkt. 15 at 5]. In his original complaint, Plaintiff claimed Defendants withheld adequate care from Decedent and that their negligent and reckless conduct resulted in the death of Decedent. [Dkt. 1-1 at 13–19].

Defendants BLC Mirage and Brookdale removed this action alleging diversity jurisdiction on January 17, 2024. [Dkt. 1 at 3]. On February 1, 2024, Plaintiff filed his first amended complaint (the "FAC"), naming Suncrest Home Health Services, Inc. ("Suncrest") as a Defendant. [Dkt. 14 at 11]. In his FAC, Plaintiff alleges Suncrest operates a home health agency and that Suncrest, along with the other Defendants, was responsible for monitoring and caring for Decedent's health. [Dkt. 14 at 7]. Upon filing his FAC, Plaintiff filed the pending Motion arguing that remand is necessary because the addition of Suncrest destroys the basis for diversity jurisdiction. [Dkt. 15 at 7].

Relevant to this Motion are the citizenships of each party. Plaintiff is a citizen of California. [Dkt. 14 at 2]. BLC Mirage is a limited partnership incorporated in Delaware with its principal place of business in Wisconsin. [Dkt. 1 at 3]. BLC Mirage is comprised of two partners: (1) BLC Mirage Inn, Inc. which is a Delaware corporation with its principal place of business in Tennessee, and (2) Brookdale which is a Delaware limited liability company with its principal place of business also in Tennessee. [Dkt. 1 at 3]. Brookdale's sole member is Brookdale Operations, LLC which was incorporated in Delaware with its principal place of business in Tennessee. *Id*. Suncrest is a corporation incorporated in California with its principal place of business in California. [Dkt. 15 at 7].

## II.   LEGAL STANDARD

In removed actions, when a plaintiff seeks to add a defendant that would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to state court. *See* 28 U.S.C. § 1447(e) ("Section

1447(e)"). "Whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court[.]" *IBC Aviation Servs, Inc. v. Compania Mexicana de Aciavion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (9th Cir. 2000).

In determining whether to allow an amendment that adds a non-diverse defendant, courts consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Id.*

## III. DISCUSSION

### A. Whether Suncrest is a Necessary Party under Rule 19

Under Federal Rule of Civil Procedure 19 ("Rule 19"), a party must be joined if their "absence would preclude the grant of complete relief, […] impede [the party's] ability to protect their interests[,] or would subject any of the parties to the danger of inconsistent obligations." *IBC*, 125 F. Supp. 2d at 1011. While courts do consider if a party meets the requirements of Rule 19, amendment under Section 1447(e) is judged under a less restrictive standard than Rule 19. *Id*. Amendment will be allowed under Section 1447(e) where failure to join a party would lead to separate or redundant actions. *Id*. Importantly, joint tortfeasors and agents are not necessary parties under Rule 19. *Coldani v. Hamm*, No. 2:07-cv-0660 JAM EFB, 2008 WL 4104292, at *2 (E.D. Cal. Sept. 3, 2008).

Plaintiff argues Suncrest is a necessary party because, if it is not joined, (1) Brookdale would be able to assert an empty chair defense, and (2) Plaintiff

-3-

would be required to maintain two actions.  [Dkt. 15 at 9–10].  Defendants argue Suncrest is not a necessary party because Suncrest's conduct falls outside of the Elder Abuse Act.  [Dkt. 18 at 13–14].

      Here, for the reasons set forth below, the Court finds Suncrest is not a necessary party, and thus this factor weighs against joinder.  As mentioned above, joint tortfeasors are not necessary parties under Rule 19.  *See Coldani*, 2008 WL 4104292, at *2; *see also Exp.-Imp. Bank of Korea v. ASI Corp.*, No. 16-cv-2056-MWF-JPRx, 2016 WL 10788358, at *3 (C.D. Cal. July 28, 2016).  As currently plead, Plaintiff's FAC treats Suncrest as a joint tortfeasor.  [Dkt. 14 at 18 (arguing "Defendants" breached their duty of care to Decedent); *Id*. at 17 (arguing same); *Id*. at 12 (arguing the conduct of all Defendants caused physical and mental harm to Decedent); Dkt. 15 at 9 (arguing the facts within the FAC "implicate" dual responsibility")]; *see also Fed. Deposit Ins. Corp. v. Ching*, 189 F. Supp. 3d 978, 996 (E.D. Cal. 2016).

      Thus, because Plaintiff's FAC treats Suncrest as a joint tortfeasor, Suncrest is not a necessary party.  *See e.g.*, *Dorfman v. Massachusetts Cas. Ins. Comp.*, No. 15-cv-06370 MMM (ASx), 2015 WL 7312413, at *8 (C.D. Cal. Nov. 19, 2015); *see also Hinojos v. Rocken P. Outfitters Inc.*, No. 16-cv-08268-VAP (PJWx), 2017 WL 10544633, at *2 (C.D. Cal. Mar. 8, 2017) (finding a party a joint tortfeasor where the complaint alleged it was "'at least partially liable for [p]laintiff's injuries'").  As such, this factor weighs against joinder.  *Lauer v. Extendicare Homes, Inc.*, No. 06-cv-5124FDB, 2006 WL 925137, at *1 (W.D. Wash. Apr. 7, 2006).

      The Court also notes Plaintiff will not be forced to litigate separate or redundant actions to gain complete relief because Brookdale and BLC Mirage can be held liable for all the damages.  *See Monster Film Ltd. v. Martinen*, No. 2:16-cv-01414-ODW, 2017 WL 8220213, at *3 (C.D. Cal. Mar. 3, 2017) (discussing the implication of joint-tortfeasor liability).

### B. Whether the Statute of Limitations Preclude an Original Action against Suncrest

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Murphy v. Am. Gen. Life Ins., Comp.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015). Here, the Parties agree Plaintiff could file a claim against Suncrest in state court. [Dkt. 18 at 15; Dkt. 15 at 10]. As such, this factor weighs against joinder. [Dkt. 15 at 10–11]. *See Khachunts v. Gen. Ins. Comp. of Am.*, No. 2:22-cv-09325-SPG (KSx), 2023 WL 4554103, at *3 (C.D. Cal. July 14, 2023).

### C. Whether There has been Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Here, Plaintiff amended his complaint 50 days after the initial complaint was filed in state court and 14 days after the action was removed. [Dkt. 15 at 11]. As such, the Court finds Plaintiff attempted to amend his complaint in a timely manner. *See Clinco*, 41 F. Supp. 2d at 1083 (finding amendment made less than six weeks later to be timely); *see also Malijen v. Ford Motor Comp.*, No. 20-cv-1217- JGB (KKx), 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020) (finding amendment four months after filing and one month after removal timely). Thus, this factor weighs in favor of allowing joinder.

### D. Intent of Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Defendants contend Plaintiff's amendment is

intended solely to defeat federal jurisdiction because Plaintiff decided to add Suncrest after Defendant removed the action. [Dkt. 18 at 16]. However, as Plaintiff correctly notes, mere suspicion of an intent to destroy diversity is not as important as it once was now that Section 1447(e) grants courts greater flexibility in allowing amendment. *See IBC*, 125 F. Supp. 2d at 1012. Here, the Court finds Plaintiff's addition of Suncrest is reasonable considering its alleged joint responsibility for the Decedent's care. As such, the Court finds this factor weighs in favor of joinder.

### E. Validity of Claims

To state a valid claim under Section 1447(e), a plaintiff does not need to allege facts sufficient to survive a motion to dismiss. *Dordoni v. FCA US LLC, et al.*, No. 20-1475 JGB (SHKx), 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020). Rather, a court need only determine if the claim *seems* valid. *Id*. (collecting cases). Here, Defendants do not contest the validity of Plaintiffs' claims against Suncrest. [Dkt. 18 at 17]. As such, this factor weighs in favor of joinder. *Taylor v. Honeywell Corp.*, No. 09-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)

### F. Prejudice to Plaintiff

Here, for the same reasons discussed in Section A, the Court finds Plaintiffs would not be prejudiced if joinder is denied. S*ee Sabag v. FCA US, LLC et al.*, No. 2:19-cv-06639-CAS (RAOx), 2016 WL 6581154, at *7 (C.D. Cal. Nov. 7, 2016) (finding prejudice where denying joinder would require plaintiff to file duplicative claims). As the Court cannot find Plaintiff would be prejudiced, this factor weighs against joinder. *Id*. at 6. As such, this factor weighs against joinder.

## IV. CONCLUSION

In sum, the Court finds three of the six factors under Section 1447(e) lean toward allowing amendment. In light of the balance of these factors and the

strong presumption against removal jurisdiction, the Court finds Plaintiff's joinder of Suncrest was proper. *Sabag*, 2016 WL 6581154, at *7; *see also Gaus v. Miles*, 980 F2d 564, 568 (9th Cir. 1992).[1]  Thus, the Court **ALLOWS** Suncrest to be joined in the FAC.

Because Suncrest and Plaintiff are both citizens of California, there is no longer complete diversity in this case. [Dkt. 14 at 2; Dkt. 15 at 7]. As such, the Court lacks jurisdiction over this matter and **GRANTS** Plaintiff's Motion. *See* 28 U.S.C. 1447(c); [Dkt. 15]. The Clerk is **DIRECTED** to remand this action to the Superior Court for the County of Riverside.

**IT IS SO ORDERED.**

DATED: March 28, 2024

SUNSHINE S. SYKES
United States District Judge

---

[1] Moreover, the Court declines to dismiss Suncrest from this action under Federal Rule of Civil Procedure 21.